**WORKERS' COMPENSATION
APPEAL BOARD (GREVY),
Respondents.**

Supreme Court of Pennsylvania.

April 14, 2010.

### ORDER

PER CURIAM.

AND NOW, this 14th day of April, 2010, the Petition for Allowance of Appeal and the Application for Supersedeas are DENIED.

**TRUSERV CORPORATION, Successor by Merger to Servistar Coast to Coast Corporation, f/k/a Servistar Corporation, Petitioner**

v.

**MORGAN'S TOOL & SUPPLY CO., INC., John L. Morgan, and Gail N. Morgan, Respondents.**

Supreme Court of Pennsylvania.

April 14, 2010.

### ORDER

PER CURIAM.

AND NOW, this 14th day of April, 2010, the Petition for Allowance of Appeal is GRANTED. The issue, reworded for clarity, is:

Whether a trial court has discretion to refuse to award contractual interest based on the dilatory conduct of the victorious party.

**Stan ALEKSEEV and Homeowner's Association of Philadelphia, Petitioners**

v.

**CITY COUNCIL OF the CITY OF PHILADELPHIA and Anna C. Verna, President, Respondents.**

Supreme Court of Pennsylvania.

April 16, 2010.

### ORDER

PER CURIAM.

AND NOW, this 16th day of April, 2010, the Petition for Allowance of Appeal is

**GRANTED, LIMITED TO** the issues set forth below. Allocatur is **DENIED** as to all remaining issues. The issues, as stated by Petitioner, are:

a. Is the public participation provision of the Sunshine Act 65 Pa.C.S. § 710.1 satisfied when members of the public are never permitted to address the governing body of a municipality, but are only permitted to address a committee comprised of less than a quorum?

b. Does a meeting of a committee of a municipal governing body, comprised of less than a quorum of the governing body, meet the Sunshine Act's definition of a "special meeting" and if so does this relieve the governing body of the obligation to receive public comment at its meetings?